UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:21-cv-09368-LGS<br><br>**STIPULATED PROTECTIVE ORDER** |
| CLEAR BLUE SPECIALTY INSURANCE COMPANY<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S, LONDON,<br><br>Third-Party Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, counsel for the parties herein, regarding the production of materials in the course of litigation that may include information that is confidential or otherwise inappropriate for public disclosure, therefore, the parties consent and agree as follows:

1. As used herein, the "Action" shall mean the above-captioned lawsuit.

2. Travelers Property Casualty Company of America, Clear Blue Specialty Insurance Company, and Certain Interested Underwriters at Lloyd's, London shall be referred to collectively as the "Parties" and individually a "Party".

3. In order to designate documents or other material as "Confidential" within the meaning of this Stipulated Protective Order, the producing Party must affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility

1

thereof, and/or must designate such documents by title, Bates number, or other method reasonably calculated to give the receiving Party notice of the confidentiality designation, in a writing directed to the receiving Party's attorneys. Documents or other material designated in accordance with this provision shall constitute "Confidential Material."

    a.    The producing Party may, upon written notice to all receiving Parties, designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

4.    Any such documents or information designated as confidential shall be subject to this Stipulated Protective Order and will be used only for the purpose of prosecuting or defending this Action. No Party or counsel shall use the Confidential Material for any purpose other than for the preparation or presentation of their case in the Action, except nothing noted herein shall limit a Party's use of its own Confidential Materials.

5.    Any Party may seek an order requiring that such Confidential Material be kept under seal by the Clerk until further order of the Court.

    a.    Documents may be filed under seal only as provided in Judge Schofield's Individual Rules and Practices.

6.    The production of such Confidential Material by a Party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality which it may have.

7.    Upon the termination of this action, all materials designated as confidential, together with all originals and copies, shall either be returned to counsel for the producing Party or a letter from the recipient of the materials shall be provided to the producing Party certifying that all documents and copies have been either destroyed or will be maintained as protected and

confidential. However, nothing in this paragraph shall require the Court or court personnel to return documents upon the conclusion of the Action.

8. Attorneys for a receiving Party shall not disclose the Confidential Materials to any person other than a Party, an attorney of record for that Party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made only to the Parties in this Action or their attorneys, to third-party administrators for the Parties, to the Parties' reinsurers, to the Parties' corporate parents, to an expert or other consultant who has been retained or specially employed by a Party's attorneys to assist in this litigation, to a mediator, to a witness at a deposition in this Action, or to the Court.

    b. Before any disclosure is made to an expert or other consultant who has been retained or specially employed by a Party's attorneys to assist in this litigation or to a mediator, the receiving Party's attorney shall provide each such person with a copy of this Stipulated Protective Order, and such person shall consent in writing, in the form annexed hereto as "Exhibit A", not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by that Party's attorneys and a copy shall be furnished to the producing Party upon request, but only with respect to those witnesses who are identified by a Party pursuant to the Federal Rules of Civil Procedure. Nothing in this provision shall require disclosure by a Party of the identity of non-testifying experts and/or consultants.

    c. Any other person upon order of the Court or with the written consent of the producing Party, in accordance with (b) above.

9. Deposition testimony concerning any Confidential Material that reveals the contents of such material shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "Confidential." Such portion of the transcript shall be deemed to be Confidential Material within the meaning of this Stipulated Protective Order.

10. ~~Notwithstanding the foregoing provisions, where the Confidential Material is not material to issues addressed in court submissions and the Parties agree in writing that the redaction of confidential information would be sufficient to protect the interests of the producing Party, the Parties may file redacted documents without further order of the Court.~~ The parties shall follow Individual Rule I.D.3.

11. This Stipulation may be filed with the Court bearing facsimile and/or electronic signatures of counsel as though originals.

12. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as confidential.

**STIPULATED AND AGREED:**

Dated: August 24, 2022

| USERY & ASSOCIATES | STONBERG MORAN, LLP |
|---|---|
| By: Lisa Szczepanski<br>*Attorneys for Travelers Property Casualty Company of America*<br>Mailing Address:<br>P.O. Box 2996<br>Hartford, CT 06104<br>T. (917) 778-6680<br>F. (844) 571-3789<br>E. lszczepa@travelers.com | By: Sherri N. Pavloff<br>*Attorneys for Clear Blue Specialty Insurance Company*<br>505 Eighth Ave., Ste. 2302<br>New York, NY 10018<br>T. (212) 231-2220<br>F. (646) 349-3528<br>E. sherri.pavloff@stonbergmoran.com |

FURMAN KORNFELD & BRENNAN LLP

_____
By: Jessica S. Goddeyne, Esq.
*Attorneys for Certain Interested Underwriters at Lloyd's, London*
61 Broadway, 26th Fl.
New York, NY 10006
T. (212) 867-4100
F. (212) 867-4118
E. jgoddeyne@fkblaw.com

SO ORDERED:
On this _____ day of August, 2022

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

So Ordered.

Dated: August 25, 2022
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5

# **EXHIBIT A**

## **UNITED STATES DISTRICT COURT**
## **FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:21-cv-09368-LGS<br><br>**ACKNOWLEDGMENT** |
| CLEAR BLUE SPECIALTY INSURANCE COMPANY<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S, LONDON,<br><br>Third-Party Defendant. | |

     I, _____, acknowledge that I have read and understand the Stipulated Protective Order in this Action governing the non-disclosure of Confidential Material. I agree that I will not disclose such Confidential Material to anyone other than as expressly permitted under the Stipulated Protective Order. I further agree that I will not use any Confidential Material for any purposes other than for the purposes of this Action as defined in the Stipulated Protective Order and that, at the conclusion of the Action, I will return all Confidential Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court.

Dated: _____   Signed: _____